UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARTEZ HOWARD,

        Plaintiff,                              Case No. 26-cv-10079

v.                                                Honorable Linda V. Parker

CITY OF DETROIT, DETROIT
POLICE DEPARTMENT, and
DETROIT POLICE OFFICERS/
SUPERVISORS 1-15,

        Defendants,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S CLAIMS AGAINST THE DETROIT POLICE DEPARTMENT AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT AGAINST THE REMAINING DEFENDANTS**

On January 9, 2026, Plaintiff Cartez Howard ("Howard") filed a pro se civil rights complaint against Defendants pursuant to 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915 (ECF No. 2). In the Complaint, Howard claims violations of his constitutional rights arising from a traffic stop which led to a search of his vehicle, arrest, and subsequent criminal conviction for being a felon in possession of a firearm. On December 19, 2025, a federal jury convicted Howard of two counts of being a felon in possession of a firearm following a trial before the Honorable Laurie J. Michelson. *See* Jury Verdict Form, *United States v. Howard*, No. 25-cv-20739 (E.D. Mich. Dec. 19, 2025), ECF No. 52.

The Court is granting Howard's application to proceed without prepayment of the filing fee. However, in accordance with 28 U.S.C. §§ 1915 and 1915A, the Court is summarily dismissing his claims against the Detroit Police Department and requiring him to file an amended complaint against the remaining Defendants.

**Standard of Review**

Pursuant to § 1915, district courts are required to dismiss actions brought by plaintiffs proceeding in forma pauperis if they are frivolous, malicious, or fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). Similarly, the Prison Litigation Reform Act requires courts to initially screen complaints filed by prisoners regardless of any filing fee paid, and to sua sponte dismiss any complaint deemed frivolous, malicious, or that fails to state a claim upon which relief can be granted, or that seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

The court must read a pro se complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). All complaints, however, must contain sufficient facts to show that a legal wrong has been committed from which the plaintiff may be granted relief. *See* Fed. R. Civ. P. 12(b)(6). A complaint need not contain "detailed factual

allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

## Howard's Complaint

"[I]t is well settled that 'the City of Detroit Police Department is not a legal entity against which a suit can be directed.'" *Abney v. City of Detroit Police Dep't*, No. 22-cv-11176, 2022 WL 17905547, at *2 (E.D. Mich. Sept. 20, 2022) (quoting *Pierzynowski v. Police Dep't of City of Detroit*, 941 F. Supp. 633, 637 n.4 (E.D. Mich 1996)); *see also Haverstick Enter., Inc. v. Fin. Fed. Credit, Inc.*, 803 F. Supp. 1251, 1256 (E.D. Mich. 1992).  The police department is merely a creature of the city, and thus the city, itself, is "the proper defendant" in a case.  *Id.* (quoting *Pierzynowski*, 941 F. Supp. at 637 n.4).  This Court is, therefore, summarily dismissing Howard's claims against the Detroit Police Department.

Howard fails to allege sufficient facts to support any claim against the remaining Defendants.  First, as to the City of Detroit, under § 1983, "local governments are responsible only for their own illegal acts." *Connick v.*

*Thompson*, 563 U.S. 51, 60 (2011) (internal citation and quotation marks omitted). In other words, the City of Detroit is not responsible under § 1983 solely because Howard's claimed injuries were inflicted by its employees or agents. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

To state a § 1983 claim against the City of Detroit, Howard must allege some sort of policy, practice, or custom directly resulting in the violation of his constitutional rights. *Id.* It is not sufficient to make a bare-bones assertion that the city's officers were acting in accordance with some city policy, practice, or custom. *See Sistrunk v. City of Hillview*, 545 F. Supp. 3d 493, 498 (W.D. Ky. 2021); *see also Brown v. Cuyahoga Cnty.*, 517 F. App'x 431, 436 (6th Cir. 2013). Howard must allege facts supporting the assertion. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). He does not.

Nor does Howard allege facts supporting his claims against the individual defendants sued. To state a cognizable § 1983 claim against the named individuals, Howard "must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). Defendants "can be held liable based only on their own unconstitutional behavior." *Id.* (citations omitted). In the

4

Complaint, Howard does not allege what conduct was engaged in by any individual defendant to hold each individual named liable under § 1983.  In fact, his Complaint is devoid of any factual details, except for providing that the claims arise from an incident at 2600 W. Davidson at around 10:30 p.m. on September 17, 2025.  (*See* ECF No. 1 at PageID.7.)

For these reasons,

**IT IS ORDERED** that Howard's application to proceed without prepayment of the filing fee is **GRANTED**.

**IT IS FURTHER ORDERED** that Howard's claims against the Detroit Police Department are summarily dismissed and this party is terminated pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

**IT IS FURTHER ORDERED** that within twenty-one (21) days of this Opinion and Order, Howard shall file an amended complaint which sets forth the facts supporting his claims against the remaining Defendants.  Failure to file an amended complaint, or filing an amended pleading which fails to state a claim against the remaining Defendants, may result in the dismissal of this lawsuit without further notice.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: January 14, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 14, 2026, by electronic and/or U.S. First Class mail.

                                                          s/Aaron Flanigan
                                                          Case Manager